**Ida WATSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 21858, 21860.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 7, 1968.

Decided Feb. 5, 1969.

Mr. DeLong Harris, Washington, D. C., (appointed by this court) for appellant.

Mr. David C. Woll, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

10. *Cf.* United States v. Wade, *supra* Note 4, 388 U.S. at 239, 88 S.Ct. 1926, 18 L.Ed.2d 1149.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and TAMM, Circuit Judge.

BAZELON, Chief Judge:

This appeal challenges the legality of a sentence to treatment under Title II of the Narcotic Addict Rehabilitation Act of 1966, 80 Stat. 1442–1444 (1966), 18 U.S.C. §§ 4251–4255 (Supp. III, 1968).

Appellant Ida Watson was indicted three times within seven weeks in the spring of 1967—first on four counts of forgery and uttering, then on a count each of larceny and housebreaking, then on four more counts of larceny and housebreaking. In September, 1967, she entered guilty pleas to one count of uttering and to the housebreaking count of the second indictment. Apparently in exchange, the Government promised to dismiss the third indictment and the remaining counts in the other two indictments at the time of sentencing. The bargain was kept, and appellant expressly concedes that her guilty pleas were voluntarily and intelligently made.

When she appeared for sentencing, the court granted her request for preliminary commitment for examination under the Rehabilitation Act, to determine whether she was a treatable addict. See 18 U.S.C. § 4252. Her probation report revealed that she had no criminal record prior to her involvement with narcotics, but had been driven to theft in order to support her $75 per day habit. As the 24-year-old mother of four children, she seemed an obvious candidate for the therapeutic disposition she sought. When the Chief of the National Institute of Mental Health Clinical Research Center in Lexington, Kentucky, reported her likely to be rehabilitated through treatment, the stage was set for a happy conjunction of societal and humanitarian interests.

This rare harmony was shattered when appellant announced that she no longer wished to be committed for treatment.

Though she could have been sentenced to as many as 25 years in prison for her two convictions, whereas the maximum commitment term under the Rehabilitation Act is 10 years (and the minimum term of confinement only 6 months), she said she would rather take her chances on a short jail sentence (or, presumably, probation) than go to Lexington for treatment; she did not want to be so far from her children for so long. Her attorney attempted to dissuade her, to no avail. But the court saw no advantage to her or to her children, either in sending her to jail or in releasing her, fully addicted, on probation. Accordingly, he ordered her committed. Appellant now seeks vacation of this order and a remand for sentencing under the appropriate criminal statutes, arguing that the court could not commit her over her objection and that, in any event, she was not an "eligible offender" within the meaning of the Act.

I

■ Appellant's contention that commitment under Title II requires her consent is without merit. Unlike Title I of the Act,[1] which permits some addicted defendants to opt for commitment in lieu of prosecution,[2] Title II makes no provision for an election by the defendant. It provides unqualifiedly that the court "may place" in the custody of the Attorney General for examination an eligible convicted offender believed to be an addict. 18 U.S.C. § 4252. The section which defines an "eligible offender" makes no mention of a request by, or the consent of, the defendant. 18 U.S.C. § 4251(f). If after examination the court finds him addicted and treatable, and provided appropriate facilities are available, section 4253(a) says the court "shall commit him" for treatment. The legislative history likewise makes abundantly clear the congressional intent to establish such commitment as a sentencing alternative available in the discretion

1. 80 Stat. 1438–1441 (1966), 28 U.S.C. §§ 2901–2906 (Supp. III, 1968).

2. 28 U.S.C. § 2902(a).

of the court.[3] We need not now decide whether there are limits to the court's discretion to refuse an eligible offender's request for post-conviction commitment or whether a court may ever honor an objection to commitment once an eligible offender has been found treatable. But that the court is not obliged to honor such an objection is not open to doubt. In this respect, a sentence to treatment is like any other sentence.

## II

Appellant also contends she was ineligible for commitment under Title II, (A) because her housebreaking offense is a "crime of violence" and (B) because prior felony charges were pending against her at the time she was sentenced.

■ (A) Under 18 U.S.C. § 4251(f) (1), "an offender who is convicted of a crime of violence" is not "an eligible offender" within the meaning of Title II. Under § 4251(b), "burglary or housebreaking in the nighttime" is a crime of violence. Appellant did her housebreaking in the afternoon. That, one might think, would be that. Appellant urges that Congress had in mind the common-law offense of burglary in the nighttime; and since District of Columbia law now indiscriminately lumps burglaries, day and night, into the single felony of "housebreaking" around the clock,[4] she says all housebreakings must

be regarded as "crimes of violence" for purposes of the Act. We disagree. The legislative history shows that the original House version of the Act excluded from eligibility all housebreakers,[5] while the Senate version excluded none.[6] The final compromise makes housebreaking a crime of violence "only if *committed in the nighttime.*"[7] Congress evidently thought diurnal intrusions committed by an addict less serious offenses for purposes of rehabilitation than their nocturnal counterparts. We do not think it is prevented from reaching that conclusion because it declined to write the daytime-nighttime distinction into the general housebreaking statute for the District of Columbia.

(B) Under 18 U.S.C. § 4251(f) (3), an offender is ineligible for the provisions of Title II if there is pending against him "a prior charge of a felony which has not been finally determined * * *." Since the court did not dismiss the other charges until it had committed appellant for examination, appellant says these charges were still "pending."

Appellant's commitment for examination and the dismissal of the remaining charges were ordered on the same day in the same proceeding and virtually in the same judicial breath. It is hardly to be supposed that Congress intended the legality of a commitment to turn on the question of whether the court dismissed and then committed or committed and

---

3. *E. g.,* H.R.REP. No. 1486, 89th Cong., 2d Sess. (1966), p. 12:

The bill in Title II * * * provides an alternative to civil commitment in those cases where an addict was not civilly committed prior to trial and conviction. This means that treatment is available to addicts who do not choose civil commitment or were not chosen for it by the court. * * * This is different from the procedure under the civil commitment chapter because the offender is not asked to elect. U.S. Code Cong. & Admin.News 1966, p. 4252.

See also S.REP. No. 1667, 89th Cong., 2d Sess. (1966), p. 12:

The bill would provide for the voluntary pretrial civil commitment of eligi-

ble defendants * * * for treatment and rehabilitation in lieu of prosecution, and for the alternative of *compulsory* postconviction treatment of eligible defendants for treatment and rehabilitation in lieu of criminal punishment. (Emphasis added.)

4. D.C.CODE § 22–1801 (1967).

5. H.R. 9167, § 4251(b), H.R.REP. No. 1486, *supra* note 3, p. 29.

6. S. 2191, § 415, S.REP. No. 1667, *supra* note 3, pp. 51–52.

7. Statement of the Managers on the Part of the House in the Conference Report, H.R.REP. No. 2316, 89th Cong., 2d Sess. (1966), p. 15 (emphasis added).

then dismissed. No conceivable substantive interests could be served by splitting that hair.

Congress might, however, have intended to exclude offenders who have undetermined charges pending at the time of their conviction or at the time of the dispositional proceeding. The Act withholds eligibility from offenders previously convicted of two or more felonies,[8] and the pending charge provision may have been similarly designed to weed out "hardened criminals," [9] identifiable by the number of their offenses. If so, Congress might not have wished to leave prosecutors discretion to confer eligibility by dismissing pending charges for reasons other than the insufficiency of the evidence.

■ It appears, however, that Congress specifically intended the prosecutor to have such discretion. The Report of the House Judiciary Committee on H.R. 9167, which with minor amendments became the Narcotic Addict Rehabilitation Act, expressly states that

The committee interprets the bar as to the pending felony charge as being absolute *unless the authority in the jurisdiction in which the charge is pending should clear the way for civil commitment by dismissing the charge.*[10]

Consistently, the Act itself declares ineligible an offender who is on probation or parole from a prior sentence, but provides that such an offender

shall be included if the authority authorized to require his return to custody consents to his commitment.[11]

■■ Thus, while Congress was generally concerned lest "hardened criminals" receive the benefit (or, as appellant would have it, the burden) of the Act, and laid down some guiding rules of ineligibility to effectuate that concern, it was apparently prepared to allow law enforcement and correctional officials to temper some of those crude rules in individual cases, in accordance with its express purpose to provide a new flexibility in dealing with addicted offenders.[12] The exercise of such prosecutorial discretion may be subject to judicial review. Here, however, no issue is, or seemingly could be, raised as to the appropriateness of dismissing the remaining charges in the light of the congressional purpose to rehabilitate those persons whose crimes are attributable to their addiction.[13] We conclude that, regardless of the reason for the dismissal in the present case, no charges were "pending" against appellant within the meaning of the ineligibility provisions.

Affirmed.

8. 18 U.S.C. § 4251(f) (4) (Supp.1967).

9. *Infra*, note 12.

10. H.R.REP. No. 1486, *supra* note 3, p. 10 (emphasis added), U.S.Code Cong. & Admin.News 1966, p. 4251.

11. 18 U.S.C. § 4251(f) (3).

12. The House Report states:
[T]he bill provides alternatives which provide a needed flexibility in the law. The practical effect of the implementation of the law provided for in the bill, is that strict punishment can be meted out where required to the hardened criminal, while justice can be tempered with judgment and fairness in those cases

where it is to the best interest of society and the individual that such a course be followed.
H.R.REP. No. 1486, *supra* note 3, p. 9, U.S.Code Cong. & Admin.News 1966, p. 4250.

13. The bill is aimed at
those addict offenders whose criminal offenses are secondary to what may be described as the acute illness of addiction when it is reasonably clear that these individuals are amenable to treatment.
H.R.REP. No. 1486, *supra* note 3, p. 13, U.S.Code Cong. & Admin.News 1966, p. 4254.