**UNITED STATES of America, Appellee,**

v.

**Robin Ennette MASON, Appellant.**

**No. 73–1104.**

United States Court of Appeals, Ninth Circuit.

May 16, 1973.

Lewis A. Wenzell (argued) of Federal Defenders of San Diego, Inc., San Diego, Cal., for appellant.

Thomas M. Coffin, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and KING,* District Judge.

PER CURIAM:

The appellant, a woman, was convicted of the offense of having imported approximately one ounce of heroin from Mexico into the United States. 21 U.S.C. §§ 841(a)(1), 952, 960, 963. As she entered this country, certain facts excited the suspicion of the border police. This led to her disrobing and a casual examination of her nude body by a border policewoman. During this examination, the appellant was observed to place one of her hands in the vicinity of her crotch, whereupon she was asked if she objected to being examined by a physician. She replied "no", and in a probe of her vagina by the physician to whom she was taken, the heroin in question was discovered.

The appellant concedes that under the applicable tests of our Circuit, the police were justified in causing the appellant to disrobe, in conducting the visual search of her body, and in causing her bodily cavities to be searched by a physician. She urges, however, that we should adopt the rule that when time permits, no search of a bodily cavity may be made by border police, or at their instigation, without there having been obtained, in advance, a warrant authorizing such a search.

Our court has announced rather strict requirements which must be present before our border police are authorized to invade, or cause to be invaded, the body cavities of a female. *See, e. g.,* Henderson v. United States, 390 F.2d 805 (9th Cir. 1967). It has not, however, adopted the rule for which appellant contends. *See, e. g.,* United States v. Sosa, 469 F.

---

* Honorable Samuel P. King, United States District Judge, Hawaii, sitting by designation.

2d 271 (9th Cir. 1972); United States v. Castle, 409 F.2d 1347 (9th Cir. 1969).

The judgment of conviction must be affirmed.[1]

---

1. Judge Ely notes, as he has often done before, his belief that searches of the body cavities of any person, male or female, with hands or stomach pumping, should not be tolerated absent the procurement, in advance, of a judicial authorization for such a search. United States v. Holtz, 479 F.2d 89, 94 (9th Cir. 1973) (dissenting opinion); Thompson v. United States, 411 F.2d 946 (9th Cir. 1969) (dissenting opinion); Huguez v. United States, 406 F.2d 366, 383, 384 (9th Cir. 1968) (concurring opinion); Blefare v. United States, 362 F.2d 870, 880–888 (9th Cir. 1966) (dissenting opinion). See Comment, Intrusive Border Searches

—Is Judicial Control Desirable? 115 U.Pa.L.Rev. 276 (1966); Note, 21 Rutgers L.Rev. 513 (1967); 18 Case W.Res. L.Rev. 1007 (1967); 19 Fla.L.Rev. 374 (1966). See also Note, Border Searches and the Fourth Amendment, 77 Yale L.J. 1007 (1968).

Judge King agrees with Judge Ely's foregoing views. Like Judge Ely, however, he believes that the present law of this Circuit compels the rejection of the appellant's contention.