No. 72–6950. MASON *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner, while attempting to enter the United States at San Ysidro, California, was subjected to a vaginal search which yielded approximately one ounce of heroin.

Subsequently she was convicted of importing the substance. Conceding that the police were justified in causing her to submit to a body cavity search under the present "clear indication" standard,[1] petitioner urges the adoption of a rule that body cavity searches must be authorized by a warrant when time permits. It has long been held that the ordinary necessity for obtaining a warrant prior to a domestic search does not apply with full force to border searches. See *Boyd* v. *United States,* 116 U. S. 616, 623; *Carroll* v. *United States,* 267 U. S. 132, 154. But the stark contrast between permitting a minor customs official to make a warrantless search of baggage and permitting that same official to determine the instances in which intrusive and degrading vaginal and rectal searches will be conducted demonstrates the necessity for a delineation by this Court of the exact parameters of the border-search exception.[2] The record in *Thompson* v. *United States,* 411 F. 2d 946, 948, indicated that 80% to 85% of all those subjected to body cavity searches at the border are innocent of the suspected wrongdoing. This statistic shows the desirability of positing ultimate decisionmaking responsibility for this type of highly intrusive search with a "neutral and detached magistrate" rather than a zealous officer "engaged in the often competitive enterprise of ferreting out crime."[3]

---

[1] *Rivas* v. *United States,* 368 F. 2d 703, 710.

[2] Judges Ely and King indicated acceptance of petitioner's proposition but felt constrained by the existing law in the Ninth Circuit. A number of commentators have also argued for a warrant requirement. Note, Search and Seizure at the Border—The Border Search, 21 Rutgers L. Rev. 513 (1967). Comment, Intrusive Border Searches—Is Judicial Control Desirable?, 115 U. Pa. L. Rev. 276 (1966).

[3] *Johnson* v. *United States,* 333 U. S. 10, 14.