**UNITED STATES of America,
Appellee,**

v.

**Robin Ennette MASON, Appellant.**

**No. 73-3104.**

United States Court of Appeals,
Ninth Circuit.

April 24, 1974.

------◆------

Lewis Wenzell (argued), Federal Defenders, Inc., San Diego, Cal., for appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Richard Strauss, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and GOODWIN, Circuit Judges, and CARR,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

The only issues on this appeal are whether a sentence under the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. §§ 4251-4255, was authorized, and, if so, whether a special condition of parole was required.

Robin Ennette Mason's conviction for importing heroin was affirmed by this court in United States v. Mason, 480 F. 2d 563 (9th Cir.), cert. denied, 414 U.S. 941, 94 S.Ct. 246, 38 L.Ed.2d 167 (1973). After she had been placed on probation, she again used narcotics, and her probation was revoked. She was committed for treatment under NARA, and appeals the sentence, contending that, notwithstanding her admitted addiction, 18 U.S.C. § 4251(f)(2) makes her categorically ineligible for NARA treatment. That section provides:

"(f) 'Eligible offender' means any individual who is convicted of an offense against the United States, but does not include—
" *   *   *

"(2) an offender who is convicted of unlawfully *importing or selling* or conspiring to import or sell a narcotic drug, unless the court determines that *such sale* was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug." (Emphasis added.)

Mason argues that had Congress wished to make those such as herself, who are convicted of importing heroin for their own use, eligible for treatment under NARA, Congress could simply have added the words "or importation" after the word "sale" in the statute. The fact that it did not do so, she concludes, suggests a Congressional intent

* The Honorable Charles H. Carr, United States District Judge for the Central District of California, sitting by designation.

to make ineligible for NARA treatment one who unlawfully imports a narcotic drug, even though the drug was intended for one's own use.

Mason further contends that this suggestion of Congressional intent is made explicit in the legislative history of the act. The House Report accompanying the legislation states:

> "Subsection (f)(2) is amended in a similar manner as is subsection 2901(g)(2) [of Title 28, dealing with civil commitment] to bar individuals convicted of unlawfully importing or selling or conspiring to import or sell a narcotic drug.
>
> " * * *
>
> " * * * Persons charged with selling or importing narcotic drugs or with conspiracy to import or sell a narcotic drug are similarly barred [from civil commitment] unless, *in the case of a charge of illegal sale,* the court finds that it was for the sole purpose of enabling the individual to obtain a drug to support his own addiction." H.R.Rep.No.1486, 89th Cong., 2d Sess., 1966 U.S.Code Cong. & Admin.News, pp. 4245, 4247, 4251. (Emphasis added.)

*See also* S.Rep.No.1667, 89th Cong., 2d Sess. 33 (1966).[1] Mason argues that the italicized passage above, as well as the language of the statute itself, indicates that Congress regarded sales to finance narcotics for one's personal use as different from importation for one's personal use; persons convicted of the former offense but not of the latter were to be eligible for NARA treatment, she concludes.

In response, the government concedes that the statute is not a model of clarity, but contends that the court should look to its history and purpose to interpret it. *See* Hamilton v. Rathbone, 175 U.S. 414, 419, 20 S.Ct. 155, 44 L.Ed. 219 (1899). The purpose of the act, the government argues, is to provide treatment for addicts who pose threats to themselves and society because of their narcotics habit. However, to avoid wasting limited resources, Congress excluded those unlikely to benefit from rehabilitation—hardened felons, drug-pushers, and the violent. *See* Marshall v. United States, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); Watson v. United States, 133 U.S.App.D.C. 87, 408 F.2d 1290, 1292 (1969).[2] Robin Mason,

---

1. Similar language can be found in speeches made on the floor of Congress. For example, Senator McClellan commented:
   " * * * Also ineligible are persons charged with—or convicted of—unlawfully importing or selling narcotics, or conspiring to do so. However, a person convicted of selling narcotics may be eligible for commitment after trial, if the court finds on the basis of the evidence that the sale was for the sole purpose of supporting his addiction." 112 Cong.Rec. 25419 (1966).
   Similarly, Representative Celler observed:
   " * * * All we do is to say in the language of this bill that there shall be excluded from the operation of this bill an individual charged with unlawfully importing or selling of narcotic drugs or conspiracy to unlawfully import or sell a narcotic drug—unless, and the sting is in the tail, as it were, of the paragraph, the court determines that such sale was for the sole purpose of enabling the individual to obtain a narcotic drug which he requires for his personal use because of his affliction with that drug.

   "Note the words 'sale.' The judge has no discretion unless he finds that the only, the sole reason for the sale of the drug was for the purpose of enabling the narcotic addict to obtain a narcotic drug for his own personal use, to prevent that terrible craving that comes from withdrawals." 112 Cong.Rec. 11888 (1966).
   (The version of the bill ultimately enacted required that the sale be "for the primary purpose of enabling the offenders to obtain a narcotic drug * * * " rather than "for the sole purpose.")

2. In explaining the bill on the floor of the Senate, Sen. McClellan said:
   "The net effect of the exclusions is to confine eligibility for the benefits of the civil commitment program to persons charged with or convicted of essentially nonviolent crimes who show good prospects for rehabilitation, while retaining strict criminal punishment for dangerous or hardened offenders, narcotics peddlers, and persons with a history of failure to respond to treatment." 112 Cong.Rec. 25419 (1966).

the government continues, was 19 years of age; she imported less than one ounce of heroin; it was for her own use; the conviction was her first; and she was heavily addicted to heroin. Surely, the government concludes, she is not the hardened criminal Congress intended to exclude from the NARA program.

Acknowledging the close nature of the question, we must agree with Mason's reading of the statute. We refuse to take the course so superbly caricatured by Professor Charles Black in his letter Is the State of Georgia in the Fifth Circuit?, 81 Yale L.J. 30, 32–33 (1971), and ignore the words of the statute by looking through them to Congress's purported overriding intent.

The provision of the statute upon which Mason bases her exclusion was one of the most controversial aspects of the legislation. The subject of seller-addicts received detailed attention. *See, e. g.*, S.Rep.No.1667, *supra*, at 39–40 (individual views of Sen. Dodd); 112 Cong. Rec. 11888, 25419, 25430–31 (1966) (comments of Rep. Celler, Sen. McClellan, and Sen. Dodd). Although addicts who sold narcotics to support their own addiction were eligible for preconviction civil commitment, as well as for postconviction criminal commitment, under the House bill, H.R. 9167, § 2901(g)(2), such addicts were not eligible for preconviction civil commitment under the Senate bill, S. 2191, § 408(a)(2), and the Senate version was the one ultimately signed into law. Act of Nov. 8, 1966, Pub.L.No.89–793, tit. I,

§ 101, 80 Stat. 1438, *codified* at 28 U.S. C. § 2901(g)(2). Because of the obvious controversy surrounding the eligibility of seller-addicts, we are especially reluctant to read a provision extending eligibility for criminal commitment to certain seller-addicts to include also importer-addicts. Congress may well have intended to include such individuals. If so, however, that intent is too well veiled for us to ignore the language of the statute itself.

We hold, then, that one who is convicted of importing narcotics is ineligible for NARA treatment, even if such importation was for the purpose of enabling the offender to obtain drugs for his or her own use. Because of this holding, we do not reach Mason's second contention that a special condition of parole was not authorized.

The judgment is reversed, and the case remanded for resentencing.

CHAMBERS, J., concurs in this opinion.

CARR,* District Judge (concurring):

The statute appears to require the result reached in this case. Accordingly, I concur. Nonetheless, I feel compelled to state that the result will work a tremendous hardship on addicts who import drugs for their own use and, unlike appellant, are ineligible for treatment under rehabilitative programs that offer advantages similar to those of NARA. This can benefit no one.

CHAMBERS, J., also concurs in this concurring opinion.

---

* The Honorable Charles H. Carr, Senior United States District Judge for the Central District of California, sitting by designation.