**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hugh Franklin MURPHREE,
Defendant-Appellant.**

**No. 73–3393.**

United States Court of Appeals,
Ninth Circuit.

May 13, 1974.

Certiorari Denied Oct. 15, 1974.
See 95 S.Ct. 116.

Michael J. McCabe (argued), Lewis A. Wenzell, of Federal Defender of San Diego, San Diego, Cal., for defendant-appellant.

---

Stephen W. Peterson, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and BELLONI,* District Judge.

BELLONI, District Judge:

Appellant attacks his conviction for importing heroin, in violation of 21 U. S.C. §§ 952, 960 and 963, and his sentence as a narcotic addict under Chapter 314 of Title 18, United States Code. We affirm his conviction but vacate his sentence and remand for re-sentencing.

Appellant and two companions entered the United States from Mexico in the primary pedestrian inspection lanes at the San Ysidro, California, port of entry. They declared paper flowers and plaster articles. The inspector, after learning they were together, noticed they were nervous and that their complexions were chalky. The inspector also learned that they had been in Mexico only a short time and that, while all three lived in the United States, none lived in California. All three were asked to proceed to a secondary inspection area.

There, further inspection was conducted by an inspector who had spoken with the first inspector and had been told what he knew. The three entrants were patted down for weapons and then requested to empty their pockets. A more thorough patdown took place during which the inspector noticed the entrants' more rapid than normal heartbeat. The inspector asked the three to roll up their sleeves. Needle marks, some recent, were found on the inside of the elbow joints of all three. Appellant's companions admitted to past use of heroin but denied current use. Appellant made no comment. Further discussion revealed that this entry was the second made by the three that day.

Upon this information strip searches of all three were ordered. Appellant was found to be carrying a quantity of a substance, later found to be heroin, in a body cavity. Appellant was indicted and convicted of illegally importing heroin.

Before trial appellant brought a motion to suppress the fruits of the strip search at the port of entry. The motion was denied, and that denial is appellant's ground here for challenging his conviction.

Appellant does not argue that there was insufficient cause for the strip search when the search was conducted. Rather, it is argued that a portion of the factual basis for the strip search was illegally obtained and that the strip search is the fruit of a poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Ward, 488 F.2d 162, 167, 170 (9th Cir. 1973) (en banc). Specifically, appellant challenges the legality of the border inspector's requiring him to roll up his sleeves exposing most of his arms. Appellant argues that this is the beginning of a strip search and as such must be justified by "real suspicion." See Henderson v. United States, 390 F.2d 805, 808 (9th Cir. 1967).

We hold that border inspectors may require persons entering the United States to roll up their sleeves even though the inspectors do not have real suspicion of smuggling directed to the individual.

First, few, if any, of the considerations of personal privacy and dignity which confronted this court in Henderson v. United States, *supra,* are present in this case. There, the court considered the degree of suspicion to be required before a person entering this country could be asked to undress completely. Here, the only issue before the court is exposure of the surface of the arms. Exposure of the arms in public is a common practice for the vast majority of persons living in this country. To

---

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

that vast majority there is no loss of dignity or significant intrusion into privacy in exposing the arms. Therefore, the rationale of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), upon which *Henderson* is based, does not compel this court to require real suspicion by border inspectors before they may ask an entrant to roll up his or her sleeves.

Second, it is reasonable under the Fourth Amendment, see Blackford v. United States, 247 F.2d 745, 750 (9th Cir. 1957), for border inspectors to inspect the arms of entrants for needle marks. Where illegal importation of narcotic drugs is of substantial concern to border authorities, such an inquiry is a well-defined and narrowly circumscribed attempt to find a connection between the entrant and use of drugs.

Appellant's conviction is affirmed.

However, appellant's sentence must be vacated and the case remanded for resentencing on the authority of United States v. Mason, 496 F.2d 1091 (9th Cir. 1974).