**Daniel WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 71 Civ. 2047.**

United States District Court,
S. D. New York.

June 3, 1971.

Daniel Williams, pro se.

Whitney North Seymour, Jr., U. S. Atty., New York City, for respondent;

W. Cullen MacDonald, Asst. U. S. Atty., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, now confined to the Federal Correctional Institution at Danbury, Connecticut, for treatment and supervision pursuant to the provisions of Title II of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. §§ 4251–4255, seeks to be resentenced under 18 U.S.C. § 659, under which he was convicted upon his plea of guilty. Following the entry of his guilty plea, he was committed under the Act for examination to determine whether he was an addict and likely to be rehabilitated through treatment. Thereafter, the court was advised that he was an addict and likely to be rehabilitated through a treatment program. The court thereupon entered a judgment under which he was committed for treatment, which provided he was to be confined for an indefinite period not to exceed ten years until released by the United States Board of Parole, as provided for by § 4254 of Title 18. Since his commitment on January 9, 1969 three release or parole hearings have been held and denied on each occasion; a further progress report is now scheduled for June 1971.

Petitioner, in seeking resentence under the statute under which he was found guilty, contends that the three parole continuances, totalling two years' confinement beyond the six-month minimum period provided for in § 4254 of Title 18, constitutes cruel and unusual punishment—that the statute contemplates parole for the purpose of treatment in the community after a period of six months. Petitioner misconceives the statute and its purpose. Title II of the Act is clear upon its face. Its purpose is to provide for treatment and rehabilitation of narcotics addicts convicted of offenses against the United States. It provides for their commitment and treatment for a minimum of six months and a maximum of ten years. The House Report on the Act, in commenting on Title II, which governs post-conviction procedures, states: "The maximum 10-year sentence provided in section 4253 * * * allows correctional and medical authorities a desirable flexibility in treating individual addicts. It also should be recognized that it provides a lengthy period of sentence for those recalcitrant offenders who do not respond to treatment." H.R.Rep. No. 1486, 89th Cong., 2d Sess. 12 (1966), U.S. Code Cong. & Admin. News, p. 4252.

The original report to this court indicated that defendant's treatment needs fall within the areas of improving his educational level, developing some marketable skill and developing the motivation for and qualities necessary to pull himself out of the addict culture." Whether or not he has reached the point in treatment so that he may be released on parole is left to the judgment of the Parole Board. This determination rests upon each individual's progress, his response to treatment, his medical prognosis and his conduct while under treatment. In short, the determination as to whether he has sufficiently responded to treatment and so is ready for conditional release under supervision is entrusted to the judgment of the Parole Board, and if it, upon appraisal of the relevant factors, decides the time is not ripe for his release, and this extends beyond the minimum six-month period provided for under § 4254, it does not constitute cruel and unusual punishment. The case of each defendant presents individual problems, the treatment and correction of which vary accordingly.

Petitioner further contends that the failure of the Parole Board to make findings of fact and to specify the basis for denial of parole prejudices his right to take a meaningful appeal, and therefore is a denial of procedural due process. However, there is no constitutional right to written findings following a parole hearing denying release, cf. Menechino v. Oswald, 430 F.2d 403 (2d Cir. 1970), nor is there any right of judicial review of a determination by the

Parole Board denying parole. *See* United States v. Frederick, 405 F.2d 129, 133 (3d Cir. 1968); Brest v. Ciccone, 371 F.2d 981 (8th Cir. 1967); Cagle v. Harris, 349 F.2d 404 (8th Cir.), cert. denied, 382 U.S. 965, 86 S.Ct. 455, 15 L. Ed.2d 369 (1965).

The petition which seeks a resentence is dismissed. Whether defendant was to be committed for treatment or committed to serve a prison term or to be placed on probation was a matter to be determined solely by the court in the exercise of its discretion, *cf.* Watson v. United States, 133 U.S.App.D.C. 87, 408 F.2d 1290 (1969). Under Title II of the Act, one who has been convicted of a crime is not asked to elect. This is the distinction between Titles I and II. Under Title I, commitment is a civil procedure; under Title II commitment is part of the post-conviction procedure. *See* H.R.Rep.No. 1486, 89th Cong., 2d Sess. 12 (1966).