**Albert F. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 8285.

District of Columbia Court of Appeals.

Argued Oct. 8, 1975.

Decided May 19, 1976.

Warren C. Nighswander, Washington, D. C., for appellant.

Bernard J. Panetta, II, Asst. U. S. Atty., Washington, D. C. with whom Earl J. Silbert, U. S. Atty., John A. Terry and William M. Brodsky, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

 Appellant was convicted in the Superior Court of armed robbery (D.C.Code 1973, §§ 22–2902, 22–3202) and obstruction of justice (D.C.Code 1973, § 22–703). He challenges the obstruction of justice conviction contending that in light of its legislative history the portion of the statute from which the indictment was drawn must be read to proscribe only those acts occurring prior to the initiation of formal court proceedings in the matter obstructed. As a criminal complaint had been filed on the robbery charge prior to appellant's interference with the government's complaining witness, he asserts that the conviction on that charge must be reversed.[1] We find the argument without merit and affirm the conviction. However, we remand for resentencing as the trial court attempted to modify appellant's sentence after the notice of appeal had been filed.

On May 3, 1973, appellant, while armed and in the company of an accomplice, robbed the complainant, also sometimes referred to herein as the victim, of approximately $100. After being charged, arrested and released on his own recognizance with an order to appear at a lineup which was ultimately held on June 12, 1973, appellant, on June 3, 1973, approached the complainant and offered to return the $100 if he would agree not to "come down and identify him." Appellant admitted making the offer but said he had done so after being approached by a man he described as a friend of the complainant who told him that the complainant would drop the robbery charge if appellant would return the money taken in

the robbery. Appellant claimed that he was innocent of the robbery but made the offer rather than risk conviction should the complainant identify him at the lineup. The offer was declined and later the complainant identified the appellant at the lineup. It was as a result of this offer that appellant was charged and subsequently convicted of an obstruction of justice.

Section 22–703 provides in full:

(a) Whoever corruptly, by threats or force, endeavors to influence, intimidate, or impede any juror, witness, or officer in any court in the District in the discharge of his duties, or, by threats or force, in any other way obstructs or impedes or endeavors to obstruct or impede the due administration of justice therein, *or whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats of force, to obstruct, delay, or prevent the communication to an investigator of the District of Columbia government by any person of information relating to a violation of any criminal statute in effect in the District of Columbia, or injures any person or his property on account of the giving by such person or by any other person of such information to any such investigator in the course of the conduct of any criminal investigation,* shall be fined not more than $1,000 or be imprisoned not more than three years, or both.

(b) *As used in this section, the term "criminal investigation" means an investigation relating to a violation of any criminal statute in effect in the District of Columbia, and the term "investigator" means an individual duly authorized by the Commissioner or his designated agent*

---

[1]. Appellant also contends that the government's proof was insufficient to establish the motivational element of the crime. We have reviewed in this regard the court's instructions to the jury and the evidence produced by the goverment and find neither to have been inadequate.

*to conduct or engage in such an investigation.* [Emphasis added.]

The first portion of the statute, that part unemphasized, is similar though not identical to the primary federal obstruction of justice statute, 18 U.S.C. § 1503 (1970).[2] The federal statute was read by the federal courts as being limited to those obstructions occurring during the pendency of formal court proceedings. *United States v. Perlstein,* 126 F.2d 789 (3d Cir. 1942); *United States v. Scoratow,* 137 F.Supp. 620 (W.D.Pa.1956); *United States v. McLeod,* 119 F. 416 (N.D.Ala.1902). In response to this restrictive interpretation and in order to provide protection to witnesses at all stages of criminal prosecutions,[3] Congress, in 1967, specifically made obstruction of a criminal investigation a criminal offense by adding a new section, 18 U.S.C. § 1510, to the federal code and the language of § 22–703[4] emphasized in the quote above to the local Code.

The obstruction count of appellant's indictment was drawn from the criminal investigations portion of § 22–703.[5] Appellant argues that as Congress was moved to amend the two statutes because of the "pendency" restriction read into 18 U.S.C. § 1503 by the federal courts, the amendment to the D.C.Code must be read to include only those offenses occurring prior to the initiation of judicial proceedings. We disagree.

 Where the language of a criminal statute is plain and admits of only one meaning, the need for interpretation does not arise and the rules which are to aid the interpretation of language of doubtful meaning are inapposite. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *March v. United States,* 165 U.S.App.D.C. 267, 506 F.2d 1306 (1974). Insofar as the contention urged by appellant is concerned, we find no ambiguity in the language of the statute. Endeavors to obstruct, delay or prevent the communication of information to criminal investigators or prosecutors of the District of Columbia by means of bribery are prohibited without limitation to those acts committed prior to the initiation of judicial

2. 18 U.S.C. § 1503 (1970) provides:

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States magistrate or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate, or other committing magistrate in his person or property

on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

3. *See* H.R.Rep.No.658, 90th Cong., 1st Sess. 2 (1967), U.S.Code Cong. & Admin.News 1967, p. 1760; S.Rep.No.912, 90th Cong., 1st Sess. 20 (1967). The former was filed in connection with the bill adding 18 U.S.C. § 1510 to the federal code; the latter was filed with the bill amending § 22–703.

4. 18 U.S.C. § 1510 and the amendment to § 22–703 are identical except for those changes in language necessary to localize the offense in § 22–703.

5. Appellant could not have been indicted under the original portion of the statute as the offer to return the $100 to the complainant apparently was unaccompanied by threats or force.

proceedings. Had Congress intended that the statute be read with the exception proffered by the appellant,[6] that intent could have been expressed easily in the statute, but was not.

■ The appellant received a sentence to prison terms of 15 years on the armed robbery conviction and 3 years on the obstructing justice conviction. After the notice of appeal was filed the trial court entered an order setting minimum sentences on each count pursuant to D.C.Code 1973, § 24–203(a). Since the case was then on appeal, the court was without jurisdiction to make that modification. *Goins v. United States,* D.C.App., 353 A.2d 298 (1976); *Franklin v. United States,* D.C.App., 293 A.2d 278, 279 (1972); *King v. United States,* D.C.App., 271 A.2d 556, 559 (1971).[7] We accordingly affirm the judgment of conviction on both counts and remand for the entry of such minimum sentences[8] as the trial court shall deem appropriate.

*Affirmed and remanded for proceedings not inconsistent with this opinion.*

6. We find this proposition without support in either the Senate or House reports which accompanied the amendment to § 22–703. *See* S.Rep.No.912, 90th Cong., 1st Sess. 20 (1967); H.R.Rep.No.387, 90th Cong., 1st Sess. 27 (1967). The Senate report stated at page 20:

The purpose of title IV [the title amending § 22–703] is to make it unlawful to obstruct a criminal investigation in the District of Columbia. Existing District of Columbia law makes it an offense to intimidate or impede jurors, witnesses, and court officials. It is limited, however, to obstructions of the administration of justice in the courts and makes no provision with respect to the obstruction of an investigation prior to the institution of criminal court proceedings. Obstructions often do occur, however, in the investigatory stage. Witnesses are intimidated before a court proceeding is begun and thus the solution of crimes and the effectiveness of law enforcement is hampered. There is no logic to the distinction between obstructions of investigations and obstructions of ongoing proceedings. Title IV fills this gap in the law. Public Law 90–123, approved November 3, 1967, closed a similar gap in Federal criminal law.

Although the quoted portion of the report acknowledges the judicial history of the primary federal obstruction statute, 18 U.S.C. § 1503, we find no expression of an intent to impress the amendment with the limitation appellant proposes. To the contrary we find expressed a desire to encourage the uninhibited commerce of information between witnesses and criminal investigators of the District of Columbia and to discourage the use of the "pendency" of judicial proceedings as a determinative consideration in prosecutions for obstructions of justice.

7. *See also United States v. Mack,* 151 U.S. App.D.C. 162, 169, 466 F.2d 333, 340 (1972). trial court shall deem appropriate.

8. The trial court in imposing sentence following a felony conviction is specifically required to enter a minimum sentence on the term of imprisonment. D.C.Code 1973, § 24–203.