**Marvin A. ALLEN, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION, Respondent-Appellee.**

No. 81–5222.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1981.

Decided March 11, 1982.

Brett Dignam, University of Southern California, Law Center, Los Angeles, Cal., argued, for petitioner-appellant; Dennis E. Curtis, University of Southern California, Law Center, Los Angeles, Cal., on brief.

James A. Fischer, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before ELY and WALLACE, Circuit Judges, and ORRICK,* District Judge.

ORRICK, District Judge:

Appellant, Marvin A. Allen, pled guilty to two charges of unarmed bank robbery and was sentenced to an indeterminate ten-year sentence under the Narcotics Addict Rehabilitation Act ("NARA"), 18 U.S.C. §§ 4251–4255. He now appeals from a judgment denying his petition for a writ of *habeas corpus* on the ground that the United States Parole Commission (the "Commission") acted arbitrarily and capriciously when it did not consider in the petitioner's parole hearing the fact that he had received a certification of program completion of the NARA program. We affirm the judgment below because the record shows that the Commission in making its decision did in fact consider the petitioner's completion of the NARA program.

## I.

On October 16, 1978, the United States District Court for the Central District of California, based upon a plea of guilty to two counts of unarmed bank robbery, sentenced appellant to an indeterminate sentence not to exceed ten years pursuant to 18 U.S.C. § 4253(a). Petitioner sought and was denied parole by a hearing examiner panel [1] at a hearing on July 6, 1979. Appellant appealed to the Regional Commissioner, who on November 7, 1979, affirmed the decision made by the hearing examiners. On December 6, 1979, petitioner received a certification of program completion of the NARA program from the Surgeon General pursuant to the procedure set forth in 18 U.S.C. § 4254. Appellant then appealed the Regional Commissioner's decision to the National Appeals Board (the "Board") on December 19, 1979. The Board affirmed

the decision of the Regional Commissioner, and appellant was once again denied parole.

The analyst evaluation [2] prepared by the Board's staff shows that appellant had received a certification of program completion. Under the section labeled "Analysis of Appeal" the evaluation states: "At the time of his national appeal, subject now adds that he has been certified in the NARA program." (Appellant's Excerpt of Record at 7.) Nevertheless, the Board affirmed the Regional Commissioner's decision on grounds related to the severity of appellant's prior criminal conduct. The pertinent section of the analyst's evaluation states:

"Subject participated in multiple robberies and his offense behavior is appropriately placed in the Greatest II severity. Subject has a rather extensive prior record history and it appears that his criminal behavior centers around drug abuse. It is believed that subject's continued involvement in the drug program at the institutional level will be the best course of action at this time. It is believed that if subject were released at this time, he would revert to criminal behavior and drug abuse."

Appellant's Excerpt of Record at 7.

## II.

The issue before this court is whether the Commission considered appellant's certification of program completion under NARA in its decision to deny appellant parole. The significance of a program completion certification in the consideration of parole is established in 18 U.S.C. § 4254. That section states:

"An offender committed under section 4253(a) may not be conditionally released until he has been treated for six months

---

* The Honorable William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

1. Under the Parole Commission and Reorganization Act, 18 U.S.C. § 4203(c)(2), the Commission may delegate to hearing examiners any powers necessary to conduct hearings and proceedings relating to prisoners seeking parole.

2. Staff working for the Board evaluate an offender's appeal from the Regional Commissioner's denial of release on parole, and make recommendations accordingly. Their findings are compiled onto a sheet entitled "analyst's evaluation."

following such commitment in an institution maintained or approved by the Attorney General for treatment. The Attorney General may then or at any time thereafter report to the Board of Parole whether the offender should be conditionally released under supervision. After receipt of the Attorney General's report, and certification from the Surgeon General of the Public Health Service that the offender has made sufficient progress to warrant his conditional release under supervision, the Board may in its discretion order such a release. In determining suitability for release, the Board may make any investigation it deems necessary. If the Board does not conditionally release the offender, or if a conditional release is revoked, the Board may thereafter grant a release on receipt of a further report from the Attorney General."

Based upon the language of the analyst evaluation, appellant maintains that it is obvious that the Board did not consider his certification. In that evaluation the Board's staff recommended that the appellant undergo further drug treatment. Appellant claims that such a recommendation demonstrates the Board's lack of consideration of appellant's certification of program completion, especially in light of the fact that the evaluation does not explain why the treatment which appellant had already undertaken was not a satisfactory demonstration of progress warranting release.

■ Appellant's argument is without merit because the Board did in fact consider appellant's certification of program completion in the NARA program. There is no requirement, as appellant insists, that the Board "actively" consider a certificate of completion or provide specific reasons why it feels that a certification is insufficient to warrant release. The Board may consider

an offender's criminal record, his need for further institutionalization, or the likelihood of his engaging in further criminal activity upon release when making a parole release decision. *Persico v. United States Department of Justice*, 426 F.Supp. 1013, 1019 (E.D.Ill.1977). The weight to be accorded any particular fact pertaining to an individual offender's release rests with the Commission's sole discretion. *Payton v. Thomas*, 486 F.Supp. 64 (S.D.N.Y.1980).

■ A certificate of completion of a NARA drug rehabilitation program does not carry with it an absolute right to parole. 18 U.S.C. § 4254 specifically provides that after a Surgeon General's certification warranting an offender's conditional release has been received by the offender, the Board *may, in its discretion*, order a conditional release. The ultimate determination as to whether a prisoner has sufficiently responded to treatment, and is thus ready for conditional release, is a decision of the Commission. *Williams v. United States*, 327 F.Supp. 986, 987 (S.D.N.Y.1971).

The appellant's certification of completion of the NARA program is only one of many factors to be considered by the Commission when deciding whether an offender should be released on parole.[3] In this case, appellant's severity rating, and past criminal record indicated to the Board that, notwithstanding his certification, appellant would revert to criminal behavior and drug abuse if released. Because the Commission was aware of and did consider appellant's certification in deciding whether to grant parole, it complied with the obligation imposed by 18 U.S.C. § 4254. There is nothing in the record to indicate that the Commission abused its discretion or otherwise acted arbitrarily or contrary to law in denying appellant parole.

---

**3.** 18 U.S.C. § 4207 requires the Commission to consider many factors in determining parole:

"In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:

(1) reports and recommendations which the staff of the facility in which prisoner is confined may make;

(2) official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;

(3) presentence investigation reports;

(4) recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge; and

(5) reports of physical, mental, or psychiatric examination of the offender."

The judgment of the district court is AF-FIRMED.