**Joann MULKY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–433.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1982.

Decided Oct. 1, 1982.

Richard L. Fields, Washington, D.C., for appellant.

John A. Terry, Asst. U.S. Atty. at the time the case was argued, with whom Charles F.C. Ruff, U.S. Atty., Washington, D.C., at the time the brief was filed, was on brief, for appellee.

Before NEWMAN, Chief Judge, and FERREN and PRYOR, Associate Judges.

FERREN, Associate Judge:

This case presents the question whether the trial court, when revoking probation, must require the defendant to serve the sentence originally imposed and suspended (before the grant of probation), or instead may impose a new, lesser sentence. *See* D.C.Code 1973, § 24–104.[1] We conclude that the trial court has discretion to impose any sentence that the court could have imposed upon conviction, provided that the new sentence is no more severe than the original sentence. Accordingly, after revoking appellant's probation, the trial court did not err in imposing a sentence under the Narcotics Addiction Rehabilitation Act (NARA), 18 U.S.C. § 4253 (1976), rather than the straight 20 to 60 months imprisonment originally imposed. Nonetheless, we must remand for resentencing because the new sentence does not comply with NARA.

## I.

On March 13, 1979, appellant, Joann Mulky, pleaded guilty to a charge of receiving property stolen from the District of Columbia, D.C.Code 1973, § 22–2207. The trial court sentenced appellant to a term of 20 to 60 months in prison but suspended execution of the sentence and placed appellant on probation for five years, conditioned on appellant's obeying all laws and abstaining from the use of hallucinatory or illegal drugs. On March 31, 1980, after a hearing at which the government established that appellant had continued to use illegal drugs, the court revoked her probation. The court

placed appellant in the custody of the Attorney General for an examination under NARA, 18 U.S.C. § 4252. After receiving the Attorney General's report, the court found that appellant "was an eligible offender," "was an addict," and was likely to be rehabilitated through treatment. The court then committed appellant under NARA, 18 U.S.C. § 4253, for "20 to 60 months". Appellant, acting *pro se,* moved for reduction of sentence on August 27, 1980. The court denied the motion. On February 13, 1981, the United States, as appellee, moved to correct the allegedly illegal sentence. The court denied the government's motion. Appellant timely noted an appeal. *See* D.C.Code 1981, § 11–721(a)(1).[2]

## II.

In order to determine the scope of the trial court's discretion in sentencing upon revocation of probation, we must interpret the following language of D.C.Code 1973, § 24–104:

At any time during the probationary term ... the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both....

The government contends that, under this provision, the trial court has no discretion to impose a new sentence when revoking probation, but must require that the probationer serve the sentence originally imposed. We disagree.

■ "If the statutory language is clear, it is ordinarily conclusive." *United States v. Clark,* —— U.S. ——, 102 S.Ct. 805, 809, 70 L.Ed.2d 768 (1982) (citation omitted). *See Hines v. Sharkey,* D.C.App., 449 A.2d 1092, 1093 (1982); *Convention Center Referendum Committee v. D.C. Board of Elections,* D.C.App., 441 A.2d 889, 911 (1981) (en banc) (plurality opinion) (statute); *Davis v.*

---

1. Citations in this opinion are to the 1973 District of Columbia Code in effect at the time of the offense. The Code was recodified in 1981. The 1981 Code provisions are the same as those of the 1973 Code unless otherwise indicated.

2. Appellant has a right to appeal the trial court's denial of the government's motion because she was "aggrieved" by the denial. *See* D.C.Code 1981, § 11–721(b).

*United States,* D.C.App., 397 A.2d 951, 956 (1979) (same); *Citizens Association of Georgetown v. Zoning Commission of the District of Columbia,* D.C.App., 392 A.2d 1027, 1032 (1978) (en banc) (same); *United States v. Young,* D.C.App., 376 A.2d 809, 813 (1977) (same). If, however, a literal interpretation of the statute would lead to an absurd result, the court will follow the legislative intent despite an ill chosen word. *See United States v. American Trucking Ass'ns,* 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940); *Citizens Association of Georgetown, supra* at 1033; *Alabama Power Co. v. Costle,* 204 U.S.App.D.C. 51, 88 n. 89, 636 F.2d 323, 360 n. 89 (1980); *R.A. Peacock v. Lubbock Compress Co.,* 252 F.2d 892, 893 (5th Cir.), *cert. denied* 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147 (1958); *cf. Sanker v. United States,* D.C. App., 374 A.2d 304, 307–08 (1977) (look beyond plain meaning if phrase is ambiguous); *Berkley v. United States,* D.C.App., 370 A.2d 1331, 1332 (1977) (per curiam) ("statutes are to be construed in a manner which assumes that Congress acted logically and rationally") (citations omitted).

Here, D.C.Code 1973, § 24–104 on its face permits the trial court to "impose a sentence *and* require [the appellant] to serve the sentence ... originally imposed." (Emphasis added.) The legislative history belies any such intent,[3] and, in any event, imposition of a new sentence in addition to the old would result in double jeopardy. *See Christopher v. United States,* D.C.App., 415 A.2d 803, 804 (1980) (per curiam) (" 'court ... may amend a sentence so as to mitigate the punishment, but not so as to increase it' ") (quoting *United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931)); *accord, Ex parte Lange,* 85 U.S. (18 Wall.) 163, 175, 21 L.Ed. 872 (1894).

In order to effectuate the legislative purpose, as well as to preserve the constitutionality of the act, we conclude that D.C.Code 1973, § 24–104 permits the trial court to

"impose a sentence [*or*] require [the appellant] to serve the sentence ... originally imposed." In short, we read "and" as "or". *See United States v. Fisk,* 70 U.S. (3 Wall.) 445, 447, 18 L.Ed. 243 (1865) ("courts are often compelled to construe 'or' as meaning 'and,' and again 'and' as meaning 'or' "); *R.A. Peacock, supra* ("and" given meaning of "or"); *Union Central Life Ins. Co. v. Skipper,* 115 F. 69, 72 (8th Cir.1902) ("and" often is used in disjunctive sense) (dicta); *United States v. Cumbee,* 84 F.Supp. 390, 391 (D.Minn.1949) (construing "and" as "or"); *United States v. Tot,* 42 F.Supp. 252, 254 (D.N.J.1941) (same), *rev'd on other grounds,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *United States v. Mullendore,* 30 F.Supp. 13, 15 (N.D.Okl.1939) (same), *app. dismissed,* 111 F.2d 898 (10th Cir.1940). *Cf. DeSylva v. Ballentine,* 351 U.S. 570, 573, 76 S.Ct. 974, 976, 100 L.Ed. 1415 (1956) (in statutes, "the word 'or' is often used as a careless substitute for the word 'and' "); *Sun City Community Hospital, Inc. v. United States,* 624 F.2d 997, 1004 (Ct.Cl.1980) ("or" read as "and"); *United States v. Moore,* 198 U.S.App.D.C. 296, 307 & nn. 85, 86, 613 F.2d 1029, 1040 & nn. 85, 86 (same), *cert. denied* 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980).

In adopting this statutory construction, we reject the government's argument that *Schwasta v. United States,* D.C.App., 392 A.2d 1071, 1077 (1978) compels this court to read the entire phrase "impose a sentence and" out of D.C.Code 1973, § 24–104. In *Schwasta,* this court held that the trial court must impose a sentence before granting probation; thus, the court in granting probation suspends execution, not imposition, of a sentence. The government argues that "by imposing a NARA sentence when it had previously imposed a term of incarceration, the court acted as if it had originally suspended the imposition of the sentence and not its execution." We do not view imposition of a new sentence here, in lieu of the old, as a reflection that the court

---

**3.** Congress established a probation system in the District of Columbia in an effort to reform criminals, *see* H.R.Rep. No. 1016, 61st Cong.,

2d Sess. 3 (1910); there is no evidence Congress wished to create a mechanism for increasing criminal penalties in event of a lapse.

originally suspended imposition of a sentence. Nor, in *Schwasta,* did we address the question whether the trial court may impose a new, lesser sentence at the time of revoking probation.

We have noted that a "statute should not be construed in such a way as to render certain provisions superfluous or insignificant." *Tuten v. United States,* D.C.App., 440 A.2d 1008, 1010 (1982) (citing *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–520, 99 L.Ed. 615 (1955)); *Zeigler Coal Co. v. Kleppe,* 175 U.S.App. D.C. 371, 379, 536 F.2d 398, 406 (1976). *See* 2A D. Sands, SUTHERLAND STATUTORY CONSTRUCTION § 46.06 (Rev. 3d ed. 1973). Thus, contrary to the government's argument for substantial excision of statutory language, we confirm that Congress did grant the court power to "impose a sentence"—not necessarily the original sentence—upon revocation of probation.[4]

In summary, we hold that, upon revocation of probation, the trial court was not required to reimpose the original sentence but had discretion to impose a new sentence within the statutory limits governing the offense for which she was convicted, *see* D.C.Code 1981, § 24–104; Super.Ct.Cr.R. 35, subject to constitutional limitations.

## III.

■ The new sentence imposed here, however, may not stand because it does not comply with NARA, 18 U.S.C. § 4253 (1976), the commitment statute on which the court relied.

After revoking appellant's probation, the trial court committed appellant under NARA for "20 to 60 months". The court, however, had no discretion under the statute to establish a 20 month minimum sentence, since the statute requires an indeterminate sentence limited only by a prescribed minimum of six months of treatment. 18 U.S.C. § 4254 (1976); *see Williams v. United States,* 327 F.Supp. 986, 987 (S.D.N.Y.1971). "The uniform course of decisions concerning the length of confinement on a NARA sentence is to the effect that if the crime which leads to the sentence carries a penalty of 10 years or more, the *indeterminate term* to be imposed must be of 10 years' duration. However, if the offense carries a lesser penalty, the NARA term must be an *indeterminate term* equal to the maximum penalty that could be imposed on a regular term sentence for that offense." *Willmore v. United States,* 565 F.2d 269, 271 (3d Cir.1977) (footnote omitted) (emphasis added).[5]

---

**4.** Our interpretation comports with the general view that "the probation statutes are broadly drawn", *Wright v. United States,* D.C.App., 315 A.2d 839, 841 (1974), and grant "great leeway and flexibility" to the trial court. *Jacobs v. United States,* D.C.App., 399 A.2d 38, 41 (1979) (statute delegates discretion concerning probation decision). Moreover, our interpretation is consistent with legislative history. According to H.R.REP. No. 1016, 61st Cong., 2d Sess. 3, the "principle underlying a probation system is found in the laws of many of the states, where it is permissible to suspend sentence, permitting the defendant to go at large, but to be subject to rearrest and punishment if he should violate the order of the court ..." (Report accompanying bill later codified as D.C.Code 1973, § 24–104). Congress thus envisioned that the court would punish a defendant who violated probation. There is no indication that Congress intended to limit the court's discretion in selecting the appropriate punishment within statutory options otherwise available. Finally, our interpretation is consistent with Super.Ct.Cr.R. 35(a), which provides that "[t]he court may ... reduce a sentence upon

revocation of probation as provided by law." Although a court rule cannot "abrogate or enlarge substantive law," *In re G.C.S.,* D.C.App., 360 A.2d 498, 500 (1976) (citations omitted), this court has interpreted the rule in a manner that accords with our statutory interpretation here; we have stated, in dicta, that at a "probation revocation hearing, appellant had the opportunity to present supplemental information to the court in support of a plea for leniency that his probation should not be revoked, but that *if the court deemed revocation appropriate, at least his original sentence should be reduced.*" *McDaniels v. United States,* D.C. App., 385 A.2d 180, 182 (1978) (per curiam) (emphasis added).

**5.** *Cf. Prince v. United States,* D.C.App., 432 A.2d 720, 722 (1981) (per curiam) (under NARA, judges have no discretion in setting maximum sentence); *United States v. Curtis,* 173 U.S.App.D.C. 185, 186, 523 F.2d 1134, 1135 (1975) (per curiam) (same); *United States v. Sanchez,* 574 F.2d 505, 507 (10th Cir.1978) (statute delegates decision regarding release

As the government concedes, under NARA the court only could have imposed an indeterminate sentence not to exceed five years, not a sentence of 20 to 60 months.[6]

Accordingly, we remand to the trial court for resentencing.

*So ordered.*

and rehabilitation to medical authorities), *cert. denied,* 439 U.S. 842, 99 S.Ct. 134, 58 L.Ed.2d 140 (1978); *United States v. Biggs,* 595 F.2d 195 (4th Cir.1979) (per curiam) (trial court has no discretion to set maximum length of sentence); *Baughman v. United States,* 450 F.2d 1217, 1223 (8th Cir.1971) (same), *cert. denied,* 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123 (1972); *United States v. Watkins,* 330 F.Supp. 792, 793 (D.D.C.1971) (order) (court has no discretion to impose maximum less than that prescribed by statute; "discretion as to release rests with the correctional authorities"), *aff'd mem.* 154 U.S.App.D.C. 308, 475 F.2d 419 (1973); *Williams v. United States,* 327 F.Supp.

986, 987 (S.D.N.Y.1971) (decision on release left to judgment of Parole Board). *Compare Fludd v. United States,* D.C.App., 336 A.2d 539, 541 (1975) (trial court has discretion to decide whether or not to sentence appellant under NARA); *Dozier v. United States District Court,* 656 F.2d 990, 992 (5th Cir.1981) (per curiam) (same); *United States v. Barrow,* 540 F.2d 204, 205 (4th Cir.1976) (per curiam) (same); *United States v. Williams,* 407 F.2d 940, 944–45 (4th Cir.1969) (same).

6. The maximum sentence for receiving property stolen from the District of Columbia is five years. *See* D.C.Code 1973, § 22–2207.