James MOORE, a/k/a Maurice Moye, Appellant,

v.

UNITED STATES, Appellee.

No. 82–1175.

District of Columbia Court of Appeals.

Argued Oct. 26, 1983.

Decided Nov. 23, 1983.

Reita Pendry, Public Defender Service, Washington, D.C., with whom A. Franklin Burgess, Jr., Public Defender Service, Washington, D.C., at the time the brief was filed, was on the brief, for appellant.

Daniel S. Seikaly, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before FERREN, BELSON and ROGERS, Associate Judges.

FERREN, Associate Judge:

Appellant argues that the trial court's decision to sentence him under the Federal Youth Corrections Act (FYCA), 18 U.S.C. §§ 5005–5026, after revoking his probation, violated Superior Court Criminal Rule 35. Concluding that appellant misapprehends the purpose of Rule 35 and its relationship to D.C.Code § 24–104 (1981) (governing probation revocation), we affirm.

I.

On November 13, 1981, appellant pleaded guilty to an information charging him with violation of the Bail Reform Act. D.C.Code § 23–1327 (1981). The court sentenced him to one year's imprisonment but suspended execution of the sentence and placed appellant on probation for two years. The court imposed this sentence without conducting a study or making any finding as to whether appellant would derive benefit from treatment under the FYCA. Because appellant was only nineteen at the time of sentencing, a finding of no benefit under the FYCA was required before appellant could receive an adult sentence. 18 U.S.C. § 5010(d).

On June 3, 1982, after a probation revocation hearing, the court found probable cause to believe that appellant had violated the conditions of his probation. Upon appellant's waiver of further hearing on the issue, the court revoked his probation. At that point, despite a request from appellant's counsel that the original one-year sentence be implemented without delay, the trial court remanded appellant to the custody of the Attorney General for observation and study to determine whether appellant would benefit from treatment under the FYCA.

At a sentencing hearing held August 12, 1982, appellant's counsel argued that because appellant's original sentence was set at one year, it would be improper for the court to impose, upon revocation, an FYCA sentence that could entail confinement and supervision for up to six years. The court rejected this argument, vacated appellant's adult sentence, and committed appellant for an indeterminate period to the custody of the Attorney General "to undergo vocational training or remedial education (specifically carpentry)" pursuant to § 5010(b) of the FYCA. 18 U.S.C. § 5010(b). The sentencing judge based his decision to impose an FYCA sentence on the report from the FYCA observations and study of appellant. He also reasoned that because the original sentence was mistakenly imposed without

proper consideration of the FYCA, it was "illegal" and should be vacated.

## II.

D.C.Code § 24–104 (1981) establishes "the scope of the trial court's discretion in sentencing upon revocation of probation."[1] *Mulky v. United States,* 451 A.2d 855, 856 (D.C.App.1982). In *Mulky, supra,* this court held that "the trial court [on revoking probation] has discretion to impose any sentence that the court could have imposed upon conviction, provided that the new sentence is no more severe than the original sentence." 451 A.2d at 856. Because there is no question that the trial court could have imposed an FYCA sentence upon conviction, we confront the question whether the new FYCA sentence was "more severe" than the original sentence. Before addressing this question, however, we must dispose of appellant's initial argument that *Mulky, supra,* is inapposite because Super.Ct. Crim.R. 35 alters the scope of sentencing discretion established by § 24–104.

Appellant's argument seizes upon the sentencing judge's comment that the original sentence was "illegal" for lack of a no-benefit finding required by the FYCA. Appellant contends that his original sentence was not illegal, but rather was "imposed in an illegal manner." Rule 35 provides that while a court "may correct an illegal sentence at any time," the correction of "a sentence imposed in an illegal man-

ner" must be accomplished within 120 days of the imposition of sentence or within 120 days of the exhaustion of defendant's last avenue of appeal.[2] Appellant argues that Rule 35 controls this case and that the court's action was time-barred by the 120-day limit.

We reject this argument, without deciding whether appellant's original sentence was illegal or merely imposed in an illegal manner, and conclude that Rule 35 is inapplicable to this case. Here, the trial court acted in the context of revoking appellant's probation. Although Rule 35 sets limits on a trial court's discretion to correct or reduce a sentence where the only basis for such an action is the illegality of the sentence or the method by which it was imposed, D.C.Code § 24–104 (1981) confers upon the court authority to change a sentence upon the revocation of probation without regard to any time limit and irrespective of whether the original sentence was legal, illegal, or imposed in an illegal manner. We read § 24–104 and Rule 35 to be in harmony: § 24–104 establishes the scope of a court's discretion to modify a sentence within the context of probation revocation; Rule 35 controls such discretion in specified situations outside the probation revocation context. This reading is supported by Rule 35's provision that "[t]he Court may . . . reduce a sentence upon rev-

---

1. At the time of the probation revocation and sentencing hearings in this case, the relevant language of § 24–104 read:

 At any time during the probationary term . . . the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both. . . .

 This provision has recently been amended. D.C.Law 4–202, § 4, 30 D.C.Reg. 173 (effective March 10, 1983); *see* D.C.Code § 24–104 (Supp.1983). Because this amendment became effective after the sentencing decision at issue here, it is not relevant to our decision in this case.

2. Super.Ct.Crim.R. 35(a), (b) provide:

 (a) CORRECTION OF SENTENCE. The Court may correct an illegal sentence at any

time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

 (b) REDUCTION OF SENTENCE. The Court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the Court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The Court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this paragraph.

**1334**

ocation of probation as provided by law." Super.Ct.Crim.R. 35(b).[3]

### III.

 Returning to the question whether the FYCA sentence imposed on appellant was "more severe" than his original sentence within the meaning of *Mulky, supra,* we conclude that it was not. This court has long recognized "a valid distinction between youth offender treatment and imprisonment." *Harvin v. United States,* 245 A.2d 307, 311 (D.C.1968), *aff'd per curiam,* 144 U.S.App.D.C. 199, 445 F.2d 675 (en banc) (1971). An FYCA sentence differs from the usual criminal sentence both in its purpose—its "basic theory ... is rehabilitative"—and in its effect—the "conditions and terms" of confinement are different from those "a defendant would undergo in an ordinary prison." *Carter v. United States,* 113 U.S.App.D.C. 123, 125, 306 F.2d 283, 285 (1962); *see Tolson v. United States,* 448 A.2d 248, 250 (D.C.1982) (FYCA "was intended to create a means to rehabilitate youths convicted of serious criminal conduct .... by providing support and treatment rather than punishment ....").[4]

Because of these differences, we cannot agree with appellant that his FYCA sentence is "more severe" than his original sentence simply because the FYCA sentence may entail a longer period of confinement. Courts in this jurisdiction have consistently held that "confinement [under the FYCA] cannot be equated with incarceration in an ordinary prison." *Carter, supra,* 113 U.S. App.D.C. at 125, 306 F.2d at 285; *Austin v. United States,* 299 A.2d 545, 547 (D.C.1973) (the "non-punitive" nature of an FYCA sentence makes "a lengthier period of deprivation of liberty" both "justified and constitutionally permitted"); *see also United States v. Donelson,* 224 U.S.App.D.C. 389, 390, 695 F.2d 583, 584 (1982) (there is "no reason to equate the length of a Youth Corrections Act sentence with the length of an ordinary criminal sentence"). Appellant's contention that this court should focus solely on the maximum possible period of confinement when comparing the severity of the sentences at issue here is, thus, inconsistent with the well-established principle that the rehabilitative purpose and effect of an FYCA sentence "may be regarded as comprising [a] *quid pro quo* for a longer confinement." *Carter, supra,* 113 U.S.App.D.C. at 125, 306 F.2d at 285. Moreover, the indeterminate length of an FYCA sentence is not designed to increase a defendant's punishment, but is necessary to effectuate the rehabilitative goals of a

---

**3.** Appellant advances an alternative argument based on the provision of Rule 35(b) quoted in the text. Appellant contends this provision mandates that, when a trial court decides to revoke probation and impose a new sentence, the new sentence must constitute a reduction of the original sentence. He further argues that this mandate to "reduce" the original sentence is different from the requirement stated in *Mulky, supra,* 451 A.2d at 856, that the new sentence can be "no more severe than the original sentence." Appellant would have us apply this supposedly stricter Rule 35(b) requirement in reviewing the sentence imposed in this case.

Again, appellant misapprehends the purpose of Rule 35. Rule 35 is not intended to set the outmost bounds on a trial judge's discretion to modify a sentence after revoking probation. It merely recognizes probation revocation as one of the situations in which the trial court has discretion to reduce a sentence; it does not direct the trial court to reduce a defendant's sentence upon revoking probation. Thus, even if we indulge appellant's assertion that there is

a meaningful difference between the "reduce" language of Rule 35 and the "no more severe" limitation set forth in *Mulky, supra,* the language of Rule 35 is inapposite to the question whether the trial court went beyond its grant of authority in changing appellant's original sentence.

Nor does the statement of this court in *Mulky, supra,* 451 A.2d at 858 n. 4, that Rule 35 and D.C.Code § 24–104 (1981) are "consistent" compel us to read the language of Rule 35 into § 24–104. The fact that two provisions are consistent does not necessarily mean that they are precisely coextensive. As the court in *Mulky* recognized, § 24–104 controls the trial court's sentencing discretion when revoking probation and Rule 35 cannot "abrogate or enlarge" our reading of that section. 451 A.2d at 850 n. 4 (quoting *In re G.C.S.,* 360 A.2d 498, 500 (D.C.1976)).

**4.** We also note in this regard that an FYCA sentence brings with it the possibility of expungement of the criminal conviction. *See* 18 U.S.C. § 5021 (1969 & Supp.1983).

defendant's treatment by permitting "an informed professional body [to] tailor the length of the sentence . . . to fit the needs of the individual." *Clark v. United States,* 416 A.2d 717, 719 (D.C.) (quoting *United States v. Jackson,* 550 F.2d 830, 831 (2d Cir.1977), *cert. denied,* 449 U.S. 922, 101 S.Ct. 323, 66 L.Ed.2d 151 (1980)).

In light of the recognized benefits of treatment under the FYCA, we cannot conclude on the facts of this case that appellant's FYCA sentence is "more severe" than his original sentence. *See Tolson, supra; Austin, supra.*

*Affirmed.*