**Joseph HANEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 82–1215.**

District of Columbia Court of Appeals.

Argued Oct. 4, 1983.

Decided March 16, 1984.

Marjorie E. Murphy, Washington, D.C., with whom Beth Perovich, Law Student No. 3270, and Michael S. Spearman, Supervising Attorney, Georgetown Criminal Justice Clinic, Washington, D.C., were on brief, for appellant.

---

William D. Nussbaum, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time brief was filed, Michael W. Farrell and G. William Currier, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and GALLAGHER, Associate Judge, Retired.

NEWMAN, Chief Judge:

█ Appellant was convicted of second-degree murder and attempted robbery. He was sentenced to serve not less than twenty years and not more than sixty years on his conviction for second-degree murder and not less than one (1) year and not more than three (3) years on his attempted robbery conviction. He contends that his sentence on the second-degree murder conviction is illegal. Specifically, he asserts that D.C.Code § 24–203(a) (1981), which establishes a fifteen year maximum minimum sentence in the case of all life sentences, applies to all lesser sentences for the same crime. We agree that § 24–203(a) establishes a maximum minimum sentence of fifteen years for second-degree murder and remand for resentencing.

Appellant relies upon D.C.Code §§ 22–2404 as well as –203(a). Section 22–2404 establishes the maximum penalty which can be imposed for a conviction of second-degree murder. In relevant part, that section states:

> [W]hoever is guilty of murder in the second degree shall be imprisoned for life or not less than 20 years.

Section 22–2404(c) (1981). When the maximum sentence of life imprisonment is imposed, § 24–203(a) provides for a maximum minimum sentence. The statute states:

> (a) Except as provided in subsections (b) and (c) of this section, in imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-third of the maximum sentence imposed .... *Where the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed 15 years imprisonment* (emphasis added).

The government contends that the language of the statute is unambiguous and that the fifteen year minimum is triggered only by a life sentence. We disagree.

█ When the language of a criminal statute is plain and unambiguous, admitting of only one meaning, the need for interpretation does not arise. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Smith v. United States,* 357 A.2d 418, 420 (D.C.1976). If, however, a literal interpretation of the statute would lead to an absurd result, the court will follow the legislative intent despite literal wording. *Mulky v. United States,* 451 A.2d 855, 857 (D.C.1982), citing *United States v. American Trucking Association,* 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940).[1]

The legislative history of § 24–203(a) does not directly address the issue raised on appeal. On its face, the statute establishes a statutory maximum for a sentence of life imprisonment. However, the legislative

---

1. In *Mulky,* the issue presented was whether the trial court, when revoking probation, must require the defendant to serve the sentence originally imposed and suspended or instead may impose a new lesser sentence. In remanding for resentencing, this court was required to interpret the following language of D.C.Code § 24–104 (1973):

> At any time during the probationary term ... the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed or both ... (emphasis added).

451 A.2d at 856. This court interpreted the italicized phrase to mean "and impose a sentence *or* require him to serve the sentence," *id.* at 857, at least partially on the basis of a lack of evidence in the legislative history that Congress wished to provide a mechanism to increase criminal penalties, *id.* at 858 n. 4.

history of § 22–2404 states that its purpose is to distinguish between the penalty for first-degree and second-degree murder. H.R.Rep. No. 677, 87th Cong., 1st Sess. 2 (1961); *Bryant v. Civiletti,* 214 U.S.App. D.C. 109, 115, 663 F.2d 286, 292 (1981). Under § 22–2404, Congress provided that the punishment for murder in the first-degree shall be life imprisonment and that the maximum minimum sentence for the offense is twenty years. Acknowledging the distinction in the severity of the offenses, Congress clearly establishes a higher minimum sentence for the more serious crime.

■ Nonetheless, in the instant case, the trial court imposed a minimum sentence for second-degree murder reserved for the greater offense of first-degree murder. The imposition of this sentence disrupts the distinctions made by Congress in the sentencing statute. The courts are to construe statutes in a manner which assumes that Congress has acted logically and rationally. *Berkley v. United States,* 370 A.2d 1331, 1332 (D.C.1977). There is no logical or rational reason to assume that Congress intended for defendant to remain incarcerated longer for a sixty year sentence than for a life sentence. The sentence of the trial court violates an implicit legislative intent to establish a minimum parole date for persons convicted of second-degree murder. To allow this sentence to stand would be to reach the "absurd result" precluded by *Mulky, supra.*[2] As such, we find the sentence to be illegal and remand for resentencing.

*So ordered.*

---

**2.** Under the rationale advanced by the government, a defendant convicted of an offense carrying an authorized maximum sentence of life imprisonment—except for first-degree murder—could receive a sentence such as not less than fifty years to not more than one hundred and fifty years imprisonment. In an attempt to avoid the bizarre consequences of its rationale, the government argues that we are not confronted here with such an extreme case. However, we perceive no principled jurisprudential basis upon which a court, as distinguished from a legislature, could differentiate between such cases if we accepted the rationale advanced by the government.