**Ramy M. ELHALABY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 07–CO–846.**

District of Columbia Court of Appeals.

Argued Feb. 23, 2010.
Decided Aug. 5, 2010.

 

tion hearing. We review for plain error because Elhalaby did not object at the hearing. We do not find plain error, and we affirm.

## I. Factual Summary

On April 9, 2004, Elhalaby pled guilty to one count of attempted distribution of cocaine under D.C.Code § 48–904.01(a)(1). Judge Rafael Diaz sentenced him to twenty years of incarceration, execution of sentence suspended, and five years of probation. Elhalaby was again brought before Judge Diaz on July 6, 2006, in a show cause hearing for a probation violation, and sentenced to ten years of incarceration. During the show cause hearing, Judge Diaz heard from the prosecutor, defense counsel, and Elhalaby's probation officer, but he did not invite Elhalaby to speak on his behalf in mitigation of his sentence.

Elhalaby filed a timely Motion to Reduce Sentence pursuant to Superior Court Rule of Criminal Procedure 35, arguing for leniency on several grounds and requesting a hearing. He urged the trial court to consider the fact that he was not allowed to speak on his own behalf as a factor weighing in favor of granting him a hearing and reducing his sentence. He did not, however, explicitly assert his right to allocute pursuant to Superior Court Rule 32(c)(1),[1] or request a vacation of his sentence and re-sentencing. The trial court denied the motion and this appeal followed.

## II. Legal Analysis

■ We review the denial of a motion for the reduction of sentence for an abuse

Mara Silver, Public Defender Service, with whom James Klein and Anna Vancleave, Public Defender Service, were on the brief, for appellant.

Patricia A. Heffernan, Assistant United States Attorney, with whom Channing D. Phillips, Acting United States Attorney at the time the brief was filed, and Roy W. McLeese III, Assistant United States Attorney, were on the brief, for appellee.

Before KRAMER and THOMPSON, Associate Judges, and TERRY, Senior Judge.

KRAMER, Associate Judge:

Ramy Elhalaby appeals from the denial of his Motion to Reduce Sentence and argues that this court should vacate his sentence and remand for re-sentencing because he was denied the right to allocute on his own behalf at his probation revoca-

---

**1.** Superior Court Rule 32(c)(1) provides, in relevant part:

> Before pronouncing sentence.... The Court shall afford the defendant or the defendant's counsel an opportunity to comment and, at the discretion of the Court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the pre-sentence investigation report. The Court shall also afford counsel an opportunity to speak on behalf of the defendant and *shall address the defendant personally and ask if the defendant wishes to make a statement in the defendant's own behalf and present any information in mitigation of punishment.* (emphasis added)

of discretion.[2] "Generally, sentences within statutory limits are unreviewable aside from constitutional considerations."[3] Since Elhalaby's ten-year sentence is not unconstitutional, or otherwise illegal, he concedes that the trial court did not abuse its discretion in denying his motion for a reduction in sentence.

■ Instead, Elhalaby contends that the trial court erred by failing to invite him to allocute on his own behalf at his probation revocation hearing. He urges us to vacate his sentence and remand for re-sentencing.[4] We review the allocution claim for plain error[5] because defense counsel failed to object at the probation revocation hearing.[6] Under the plain error standard, we will vacate Elhalaby's

sentence only if he establishes error that is plain, that affects a substantial right, and that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[7] We conclude that if there was error here, which we do not decide, it certainly was not plain. Thus, we affirm.

■ "A court of appeals cannot correct an error pursuant to [plain error review] unless the error is clear under current law,"[8] i.e., "the issue is whether the error was plain at the time of trial."[9] While we recognize an exception "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal,"[10] that is not the case here. A synopsis of the District's law on the right to allocute, as well as federal law on the

2. *Cook v. United States,* 932 A.2d 506, 507 (D.C.2007) (internal citation omitted).

3. *Id.* (citation and internal quotation marks omitted).

4. The government argues that Elhalaby's allocution claim is not properly before this court and urges this court to decline to consider it. In the interests of justice, we proceed as though Elhalaby had properly raised his Super. Ct. R. 32 allocution claim in his Super. Ct. R. 35 motion.

5. *Applewhite v. United States,* 614 A.2d 888, 891 n. 8 (D.C.1992) (court applied plain error standard of review to appellant's claim that his right to allocute at his probation revocation hearing was violated). *See also Smith v. United States,* 847 A.2d 1159, 1160 (D.C.2004) (plain error standard applies to claims of legal error that are presented for the first time in post-verdict motion).

6. Elhalaby urges us to consider a violation of his right to allocute, if found, to be *per se* reversible. A review of our precedent and persuasive case law from other jurisdictions, however, demonstrates that the plain error standard of review applies to allocution claims. In other words, violations of a defendant's right to allocute are not immune from the stringent plain error standard of review. Federal circuit courts of appeals that have wrestled with this question have also concluded that the plain error standard applies to a violation of the right to allocute under Fed. R.Crim.P. 32(c)(1). *See United States v.*

*Luepke,* 495 F.3d 443, 446–47 & n. 3 (7th Cir.2007); *United States v. Reyna,* 358 F.3d 344 (5th Cir.2004) (*en banc* ), *cert. denied,* 541 U.S. 1065, 124 S.Ct. 2390, 158 L.Ed.2d 966 (2004). In *Reyna,* the Fifth Circuit reiterated the Supreme Court's conclusion that "a criminal defendant's 'constitutional right or a right of any other sort' may be forfeited by the failure to make a timely objection" as support for its holding that there is no "class of violations so serious that automatic reversal [is] required without application of Rule 52(b)." 358 F.3d at 350 (quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Thus, the *Reyna* court concluded *Olano* foreclosed any possibility that a denial of a defendant's right of allocution could be *per se* reversible absent preservation of the error.

7. *Olano, supra* note 6, 507 U.S. at 734, 113 S.Ct. 1770 (1993). *See also Wilson v. United States,* 785 A.2d 321, 326 (D.C.2001).

8. *Id.* ("[p]lain is synonymous with clear or, equivalently, obvious") (internal quotation marks and citation omitted).

9. *Thomas v. United States,* 914 A.2d 1, 20 (D.C.2006).

10. *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (*quoted in Little v. United States,* 989 A.2d 1096, 1105 (D.C.2010)) ("where the law at the time of trial was settled and clearly contrary

subject, provides the necessary context. Super. Ct.Crim. R. 32(c)(1) strictly requires courts to provide a criminal defendant the right to allocute at his original sentencing.[11] None of the District's criminal rules, however, require trial courts to provide a criminal defendant the right to allocute upon revocation of probation. Super. Ct.Crim. R. 32.1, which governs probation revocation proceedings, provides only that the probationer shall be given an opportunity to appear and to present witnesses as well as question adverse witnesses. Moreover, Super. Ct.Crim. R. 43(c)(4) provides that a defendant does not need to be present or allocute "when the proceeding involves a reduction or correction of sentence under Rule 35."

Elhalaby contends that Rule 32(c)(1), rather than Rule 32.1, should have applied at his probation revocation hearing because the judge did not reimpose his original sentence, but rather "fashion[ed]" a new, more lenient sentence.[12] We disagree. In *Mulky v. United States*, we held that the trial court has the option of imposing a different sentence upon revocation of probation, in addition to the standard option of reimposing the original sentence.[13] Critically, however, we concluded that the new sentence imposed would be authorized by Super. Ct.Crim. R. 35, the rule governing the correction or reduction of sentence.[14] Thus, *Mulky* made clear that the imposition of a reduced sentence upon revocation of probation was governed by Rule 35 and its attendant requirements, as opposed to Rule 32. As we explained above, Rule 43(c)(4) explicitly states that a defendant does not have a right to allocute when a sentence is altered pursuant to Rule 35.

Moreover, *Applewhite v. United States*, *supra* note 5, makes clear that a defendant in our jurisdiction does not have a due process right to be present or to allocute where a previously imposed sentence takes effect upon revocation of probation: "We [ ] hold, like the majority of the federal courts in comparable cases, that a defendant need not be given an opportunity to allocute again when a sentencing court revokes probation and orders that a previously imposed sentence take effect."[15] The law thus indicates that the trial court's failure to invite Elhalaby to allocute at his probation revocation hearing does not constitute plain error.[16]

---

to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration").

11. D.C.Code § 23–103(a) imposes the same requirement.

12. Elhalaby makes much of the fact that Judge Diaz used the word "fashion," contending that this proves that Judge Diaz imposed a new sentence. We are not persuaded that this language is significant, particularly because within minutes before using the word "fashion," Judge Diaz described his action as "modify[ing]" and as "cutting the 20 year sentence to 10 years." This language squarely places the proceedings under the auspices of Rule 35, as a modification of sentence.

13. 451 A.2d 855, 857 (D.C.1982).

14. Specifically, we stated that "D.C.Code 1973, § 24–104 permits the trial court to 'impose a sentence [*or* ] require [the appellant] to serve the sentence ... originally imposed.' " *Mulky, supra* note 13, 451 A.2d at 857. Section 24–104 has since been re-codified at § 24–304, which corresponds to Rule 35.

15. 614 A.2d at 891 (citing *United States v. Coffey*, 871 F.2d 39, 41 (6th Cir.1989) and *United States v. Core*, 532 F.2d 40, 42 (7th Cir.1976)). *See also Mulky, supra* note 13, 451 A.2d at 856 (D.C.1982) (holding that a trial court has two options after revoking a defendant's probation, either (1) "impose a sentence" or (2) "require [the defendant] to serve the sentence ... originally imposed").

16. Elhalaby urges us to interpret R. 43(c)(4) and *Applewhite* as establishing the limits of a

While Elhalaby has failed to establish that the trial court made an error that was plain, i.e., clear or obvious, we find it significant that the federal caselaw underlying *Applewhite*, which the government also relies on to assert that there is no right of allocution upon revocation of probation, has since been undermined by a change in federal statutory law.[17] All of the federal circuit cases cited in *Applewhite* for the proposition that a criminal defendant never has a right to allocute upon revocation of probation were premised upon Fed. R.Crim.P. 32.1(b)(2)(E), the federal rule of criminal procedure upon which Super. Ct. Crim. R. 32(c)(1) is modeled. Notably, Fed.R.Crim.P. 32.1(b)(2)(E) was amended in 2005, to state explicitly that a defendant's right of allocution does attach upon revocation of probation. The amended Rule 32.1(b)(2)(E) now reads:

> Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to ... an opportunity to make a statement and present any information in mitigation.[18]

Thus, the rationale underlying federal circuit case law holding that there is no right of allocution upon revocation of probation, and supporting the main thrust of the government's argument, no longer exists.[19]

While the government's argument is weakened by the shift in federal law, we must affirm because the trial court's error was not plain at the time of Elhalaby's hearing.[20] Although the government does not necessarily convince us that there should never be a right to allocute at a probation revocation hearing, especially in light of the amended Fed.R.Crim.P. 32.1, it does establish that the trial court's error was not plain because the law on the right to allocute upon revocation of probation was not clear at the time of Elhalaby's hearing and remains unsettled today.[21]

defendant's right to allocute at a probation revocation hearing, rather than establishing the lack of such a right. Elhalaby relies upon dictum in the *Applewhite* opinion as support for his proposition that "the critical question in determining whether the right of allocution applies after revocation of probation is *whether the sentencing court has used its discretion* to impose a new sentence upon the defendant." (Emphasis added.) The underlying rationale of Elhalaby's theory is that a judge must consider all mitigating factors, including those presented by the defendant in his own words, before exercising sentencing discretion, as required by Rule 32(c)(1). The fatal flaw in Elhalaby's theory, however, is that he fails to provide us with a principled basis for distinguishing the exercise of discretion which will require allocution, from the discretion exercised in the correction or reduction of a sentence, which Rule 43(c)(4) makes clear does not trigger the right of allocution.

17. See note 15, *supra*, for the federal caselaw.

18. The Advisory Committee notes on this amendment make clear that this provision was "intended to address a gap in the rule:"

As noted by the court in *United States v. Frazier*, 283 F.3d 1242 (11th Cir.2002) (per curiam), there is no explicit provision in current Rule 32.1 for allocution rights for a person upon revocation of supervised release.... The court, however, believed that it would be "better practice" for courts to provide for allocution at revocation proceedings and stated that "[t]he right of allocution seems both important and firmly embedded in our jurisprudence." *Id.*

19. The government correctly points out that Super. Ct.Crim. R. 32.1 has not been amended to align with the new federal rule, but we note that the Superior Court Rules for Criminal Procedure and amendments typically parallel the federal rules but with a time lag.

20. *Olano, supra* note 6, 507 U.S. at 734, 113 S.Ct. 1770 ("At a minimum, a court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law.").

21. Because we conclude that any error was not plain, we do not need to analyze whether any alleged error would satisfy the third and fourth prongs of plain error review. *See Ola-*

We observe, however, that the federal circuit courts that found no right to allocute at probation revocation hearings under the earlier version of Fed.R.Crim.P. 32.1 nevertheless admonished federal district courts to invite criminal defendants to speak in mitigation of their sentence. For example, in *Core,* the Seventh Circuit stated:

> [W]e believe the better practice would be for the trial court to personally address the defendant and permit him to speak regardless of whether it is at the time of original sentencing, at a hearing on a motion to reduce sentence previously imposed, or, as in this case, at a revocation proceeding. We urge this procedure upon the various district courts of this Circuit.[22]

In *Coffey,* the Sixth Circuit agreed, concluding "like the Seventh Circuit, we believe it is sound practice for a district court to permit a defendant to speak regardless of the timing of the sentencing."[23] Therefore, though we find no plain error in this case, we recommend that the trial judges in our jurisdiction follow the federal example.

*Affirmed.*

*no, supra* note 6, 507 U.S. at 734, 113 S.Ct. 1770. We do, however, note that Elhalaby would have been unable to show prejudice to satisfy the third prong, i.e., that the alleged error affected his substantial rights. *Id.* Judge Diaz granted him leniency and made clear that he was not willing to minimize the sentence any further.

22. *Core, supra* note 15, 532 F.2d at 42.

23. *Coffey, supra* note 15, 871 F.2d at 41.